UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HAROLD D. JACKSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:21-CV-147 SNLJ |
| K-9 Unit, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Harold D. Jackson, an inmate at Cape Girardeau County Jail, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Also before the Court is a letter to the Clerk, which will be construed as a motion to supplement the complaint. ECF No. 3. For the reasons explained below, the Court will grant plaintiff's motion to proceed *in forma pauperis*, assess an initial partial filing fee of $1.00, deny his request to supplement the complaint, and provide him with the opportunity to submit an amended complaint in compliance with the instructions herein.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a prison account statement with his motion for leave to commence this civil action without payment of the required filing fee. On October 18, 2021, the Court entered an Order directing plaintiff to submit a certified copy of his prison account statement for the six-month period immediately preceding the filing of his complaint. ECF No. 4. Plaintiff submitted a letter to the Clerk of Court stating that the institution has refused to provide him with a certified inmate account statement. ECF No. 3. Therefore, plaintiff will be required to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On October 5, 2021, self-represented plaintiff filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff brings this action against four defendants: (1) the K-9 Unit of the Cape Girardeau Police Department; (2) Jamie Satler, Probation Officer; (3) Corporal Droege, Jail Supervisor of "Cape City"; and (4) the "Cape County Jail, Detention Center, Medical Staff, and Sheriff Dept." Plaintiff names Jamie Satler in his individual capacity, but is silent as to the capacity of Corporal Droege.

Plaintiff alleges the K-9 Unit "tried to plant drugs in [his] car." No further facts are provided, such as who in the unit allegedly made such an attempt or when it occurred. Plaintiff alleges defendant Satler "tried to give [him] a dirty UA [urinalysis] after [he] told her [he] was

dirty after the first meeting at [his] home" and she did not care when he told her "about the police trying to plant dope." Plaintiff alleges Corporal Droege "made [him] sit in the Cape City Jail for 8 days before be[ing] transferred to the County Jail to be arraigned for [his] felony charges." Plaintiff further complains he did not have access to a legal library, was not permitted phone calls to his family, and did not receive a refund for food purchases he made at the canteen. Plaintiff states he had a syst on his testicles which caused them to swell up to the size of a softball. Plaintiff claims he "was told by the doctor if it got worse bring him back," but an unidentified individual "made [him] lay on the floor from 9pm until 8:13am the next morning without any meds or help[.]" Lastly, plaintiff states he was fed "spoiled food and rotten potatoes."

In the section provided for plaintiff to state his injuries, he discusses his testicle pain. For relief, plaintiff requests that defendants Satler and Droege be terminated from their positions. Plaintiff seeks reimbursement for the "food [he] had to give away," $20,000 from Jamie Satler for causing him to lose his job and preventing him from breeding a bulldog, $100,000 for not having access to a legal library, and an additional $500,000 which he would like paid by "Cape County and the medical staff, Detention Center, and Sheriff Office."

### Motion to Supplement the Complaint

On October 18, 2021, plaintiff filed a two-page handwritten letter to the Clerk of Court. ECF No. 3. The Court construes this letter as a motion to supplement his complaint as he seeks to add a retaliation claim against defendant Satler. In support of his request, plaintiff states he "beat [his] case here in Missouri" and defendant Satler retaliated against him by sending a report to his probation officer and Court in Texas that contained "a lot of lies." Due to Satler's actions, he asserts he is "facing life in [Texas] for [a]bsconding for 20 days."

The Court will deny this motion because supplements are not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure. The Court does not accept amendments to the

complaint through supplements, declarations, notices, or other piecemeal amendments. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). In other words, plaintiff may not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief. Plaintiff will, however, be given an opportunity to amend his complaint.

### Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes that it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to file an amended complaint.

### A. Claims against the K-9 Unit of the Cape Girardeau Police Department, the Cape County Jail, Detention Center, and Sheriff's Department

Plaintiff's claims against the K-9 Unit of the Cape Girardeau Police Department, the Cape County Jail, Detention Center, and Sheriff's Department are subject to dismissal. It is well-established that a department or subdivision of local government is not a "juridical," or suable entity, under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Consequently, plaintiff's complaint is legally frivolous as to the local government entity defendants.

### B. Official Capacity Claims

Although plaintiff explicitly names defendant Satler in his individual capacity only, he is silent as to the capacity of defendant Corporal Droege, the Jail Supervisor of "Cape City." When a plaintiff's complaint does not specify whether a defendant is being sued in his individual or official capacity, the Court will interpret the claims against that defendant as including only official

capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997).

Naming an official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). An official capacity suit is a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff appears to allege defendant Droege is an employee of the City of Cape Girardeau. Unlike the Police Department, Jail, or Sheriff's Department, a city is as a local governing body that can be sued under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

However, to the extent the City of Cape Girardeau employs defendant Droege, plaintiff's complaint fails to state a municipal liability claim. In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Here, plaintiff has not alleged any facts against the City of Cape Girardeau to support the proposition that it has an unconstitutional policy or custom, or that it has been deliberately indifferent in failing to train or supervise its employees. Therefore, plaintiff's claim against defendant Droege in his official capacity is subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### C. Individual Capacity Claims

The only defendant named in his individual capacity is defendant Satler, who he alleges tried to give [him] a dirty UA [urinalysis] after [he] told her [he] was dirty after the first meeting at [his] home" and she did not care when he told her "about the police trying to plant dope." These vague allegations without any factual support fails to state a claim or cause of action for the violation of plaintiff's constitutional rights. To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Plaintiff's allegations against defendant Satler performing a urinalysis as his probation officer or being unresponsive to a claim about police activity fails to state a deprivation of either a constitutional or federal statutory right.

To the extent plaintiff intended to name defendant Droege in his individual capacity, such claim would also be subject to dismissal. Plaintiff alleges defendant Droege "made [him] sit in the Cape City Jail for 8 days before be[ing] transferred to the County Jail to be ar[raig]ned" with "no legal library or legal help." Plaintiff also states he was not allowed to buy phone cards to call his family and was not refunded by the canteen for food he did not receive. These allegations appear to be brought against defendant Droege merely due to his role as the Jail Supervisor. "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Rather, in a 42 U.S.C. § 1983 case, liability is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780

F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Plaintiff has not set forth any facts indicating how defendant Droege was directly involved in or personally responsible for the alleged delay in transfer to another facility or lack of access to legal assistance. Plaintiff has failed to establish a link between defendant Droege's actions and an alleged deprivation of his constitutional rights. Moreover, plaintiff's complaint regarding a lack of access to a phone card does not rise to the level of an Eighth Amendment violation, and his claim regarding lack of access to a law library or legal help for eight days fails to state a claim as pled. *See Coe v. Dysinger*, Case No. 1:20-CV-69 DDN, 2020 WL 3791536, at *10 (E.D. Mo. July 7, 2020), *aff'd*, 2020 WL 8262231 (8th Cir. 2020) (lack of access to a phone is not a condition which denies an inmate "of the minimal civilized measure of life's necessities"); *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) ("Absent an articulation of how the alleged wrongful conduct actually blocked [the inmate's] access to filing a complaint, or caused a filed complaint to be deficient, [the inmate's] alleged injuries are merely speculative."). Thus, to the extent plaintiff intended to bring this action against defendant Droege in his individual capacity, the claims would be subject to dismissal.

Furthermore, plaintiff's claim against "medical staff" is subject to dismissal because fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In the

case at hand, the complaint does not contain specific enough information to permit the identity of the unknown medical staff defendants to be determined because the number of unnamed defendants is indeterminate. This is not permissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible); *Coffman v. Blake*, No. 4:06-CV-825-HEA, 2006 WL 1663232, at *1 (E.D. Mo. June 12, 2006) (suit naming "all of the MSOTC Staff" not permissible).

Lastly, the Court notes plaintiff's complaint is also subject to dismissal because it appears to advance multiple claims against separate defendants concerning unrelated events. Such allegations brought under the same complaint are impermissible. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). For example, in the instant complaint, plaintiff's claim for the way his probation officer handled his urinalysis during a home visit is unrelated to his claim against the K-9 unit for allegedly trying to plant drugs in his car, both of which are unrelated to his claim for the lack of a law library in a jail. These claims bear little or no relationship to each other. Unrelated claims against different defendants belong in different suits, in part to ensure that prisoners pay the required filing fees.

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Fed. R. Civ. P. 18(a). Therefore, multiple claims against a single defendant are valid. That is, plaintiff may name one defendant and bring as many claims against that defendant as she desires.

Although plaintiff's amended complaint is subject to dismissal in its entirety for the reasons explained above, the Court will allow him an opportunity to cure the pleading deficiencies and direct him to file an amended complaint.

### Instructions on Amending the Complaint

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ.

P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's letter to the Clerk of Court, construed as a motion to supplement his complaint, is **DENIED**. [ECF No. 3].

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 21st day of October, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE